## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

ROTHSCHILD DIGITAL
CONFIRMATION, LLC,

                    Plaintiff,

        v.

SIMPRO SOFTWARE LTD. d/b/a SIMPRO
UNITED STATES,

                    Defendant.

Civil Action No. _____

**PATENT**

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Rothschild Digital Confirmation, LLC. ("Rothschild" or "Plaintiff"), through its undersigned attorneys, sues Defendant, simPRO Software Limited d/b/a simPRO United States ("simPRO"), and alleges:

### NATURE OF THE ACTION

1.      This is an action for infringement of U.S. Patent No. 7,456,872, ("the '872 patent"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.  This action relates to the unauthorized making, using, offering for sale, selling, and/or importing of unauthorized products that infringe the claims of the '872 patent.  As set forth herein, Plaintiff brings this action to enjoin Defendant from infringing the '872 patent and to recover all damages associated with the infringement of the '872 patent, including attorneys' fees and costs.

**PARTIES**

2.      Rothschild is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093-5189.

3.      Upon information and belief, simPRO is a corporation organized and existing under the laws of the State of Colorado, having a principal place of business and its headquarters at 329 Interlocken Parkway, Suite 100, Broomfield, CO 80021.  Upon information and belief, simPRO does business as simPRO United States.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391, 1400(a), and 1400(b).

5.      Upon information and belief, this Court has personal jurisdiction over simPRO, because, *inter alia*, simPRO is incorporated in this district and has its registered agent in this district, and has a principal place of business in this district.

6.      Upon information and belief, simPRO regularly and continuously transacts business within the State of Colorado, including availing itself of the privilege of conducting business in the State of Colorado by developing, manufacturing, marketing, and/or selling its simPRO products there for use by Colorado citizens.  Upon information and belief, simPRO derives substantial revenue from its sales including residents in the State of Colorado.  For instance, simPRO offers its products for sale online to customers, including customers in Colorado.  *See* https://www.simpro.us/.

7.      Upon information and belief, simPRO will directly and/or through its employees or agents, and/or its customers, uses products, as defined below, that contain each and every element

of at least one claim of the '872 patent with the knowledge and/or understanding that such products are used or will be used in this District. For example, Defendant offers the accused product to customers in Colorado through its website. *See id*. Upon information and belief, Defendant has engaged in substantial and not isolated activity within the district. For these reasons, exercise of jurisdiction over Defendant is proper and will not offend traditional notions of fair play and substantial justice.

8.      Regarding at least some of its activities, Defendant solicits business from and markets its products to consumers within Colorado by providing a product that verifies an assignment of a user, as described in the '872 patent.

9.      In addition to Defendant's continuously and systematically conducting business in Colorado, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the State of Colorado including Defendant's use of a locational image verification device for verifying an assignment of a user, as described in the '872 Patent.

10.     Defendant is a company that has a regular and established presence in the district and makes and uses a product that us locational image verification device for verifying an assignment of a user. *See* Exhibit 2.

11.     Defendant's product includes a user verification module for verifying an identity of a user of the device, which upon verification of the user, the user verification module enables operation of the device and provides an assignment to the user. *See id*.

12.     Defendant's product includes a capture module for capturing an image relating to the assignment and creating a digital image file wherein the user verification verifies the identity of the user of the device at a time of the image capture. *See id*.

13.     Defendant's product includes a locational information module for determining a location of the device when capturing the image.

14.     Defendant's product includes a date and time module for determining a date and time of the image capture.  *See id.*

15.     Defendant's product includes a processing module for associating the assignment, the user identity, location information and the time and date to the digital image file.  *See id.*

16.     Defendant's product includes an encryption module for encrypting the digital image file and associated information (e.g., data encryption) upon image capture.  *See id.*

17.     For the reasons set forth above, venue is proper in this judicial district under both 28 U.S.C. § 1400(a) and 1400(b).

## BACKGROUND

18.     On November 25, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '872 patent, entitled "Device and method for embedding and retrieving information in digital images" after a full and fair examination.  *See* Exhibit 1.

19.     Rothschild is presently the owner of the patent, having received all right, title and interest in and to the '872 patent from the previous assignee of recordTherefore, Rothschild, as the owner of the entire right, title and interest in the '872 patent, possesses the right to sue for infringement of the '872 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

## THE '872 PATENT

20.     The '872 patent contains a total of thirty-nine (39) claims: two (2) independent claims and thirty-seven (37) dependent claims.

21.     The '872 patent claims locational image devices and methods for verifying an assignment of a user.

22.     Defendant commercializes, inter alia, locational image software for devices that include each and every element and/or performs each and every step of at least one claim of the '872 patent

23.     The '872 patent will expire no earlier than September 16, 2026.

24.     The '872 patent discloses and claims, in part, "Devices, systems and methods for capturing, storing, allowing user input, receiving internal input, processing, transmitting, scanning, and displaying digital images is provided. Digital photography has gained a substantial share of the worldwide photographic market." *See* Exhibit 1 at Col. 2, lines 10-13.  The invention disclosed and claimed in the '872 patent solved at least one technical issue associated with the art of digital image and data processing.  For example, the invention increased the ease of use and efficiency of organizing images and associating vital information with a collection of images.  As such, the invention disclosed and claimed in the '872 patent represents a technical solution to a problem associated with digital image capture.

## INFRINGEMENT BY SIMPRO AND ITS CUSTOMERS

25.     The accused products include, but are not limited to, simPRO's simPRO Connect ("the Accused Products").  simPRO instructs its customers to install the Accused Product on mobile devices and use the Accused Product in accordance with the invention described and claimed in the '872.  This constitutes direct infringement by simPRO's customers and indirect infringement by simPRO.  Furthermore, upon information and belief, simPRO has tested the Accused Product on mobile devices, and this constitutes direct infringement by simPRO.

26.     When customers install the Accused Product on a mobile device as instructed by simPRO, the mobile device with the Accused Product has all of the elements recited in claim 1 of the '872 patent.  *See, generally,* Exhibit 2; https://www.simPRO.com/features/mobile-app/. Specifically, the Accused Product comprises a locational image verification device (e.g., a mobile

device installed with the Accused Product is capable of capturing a photo and enabled with location services) for verifying an assignment of a user (e.g., the consumer). *See* Exhibit 2; https://login.simprosuite.com/; https://www.simpro.us/solutions/connect#get-started; https://play.google.com/store/apps/details?id=com.simpro.simpromobile.

27.   When customers install the Accused Product onto a mobile device as instructed by simPRO, the mobile device with the Accused Product includes a user verification module (e.g., the Accused Product on the mobile device) for verifying an identity of a user of the device (e.g. every login attempt the mobile application ask for login credentials of the user). *See* Exhibit 2; https://login.simprosuite.com/; https://www.simpro.us/solutions/connect#get-started; https://play.google.com/store/apps/details?id=com.simpro.simpromobile&hl=en_IN; https://play.google.com/store/apps/details?id=com.simpro.simpromobile.

28.   When customers install the Accused Product onto a mobile device as instructed by simPRO, the mobile device with the Accused Product includes a capture module (e.g., the camera on the mobile device) for capturing an image relating to the assignment (e.g., an image of the field using mobile device camera and sync the data with a connect application server) and creating a digital image file (e.g., the digital image file of the photo); wherein the user verification module (e.g., the Accused Product on the mobile device) verifies the identity of the user (e.g., upon successful login attempt, the user can capture an image of the assignment) of the device at a time of the image capture. *See* Exhibit 2; https://www.youtube.com/watch?v=AQjrmxdntbo&list=PL4lUjShHEZD3TfPbLHQ04RjdEHmYZHnzh&index=11; https://www.simpro.us/solutions/connect#get-started.

29.   When customers install the Accused Product onto a mobile device as instructed by simPRO, the mobile device with the Accused Product includes a locational information module (e.g., using the GPS signal to capture a real time location of the mobile device) for determining a

location of the device when capturing the image. *See* Exhibit 2; https://www.simpro.us/solutions/connect#get-started. Furthermore, the mobile device with the Accused Product includes a date and time module (e.g., the date and time module of the mobile device enabled with the Accused Product) for determining a date and time of the image capture (e.g., the Accused Product associates the job time spent with the field data collected by the user). *See* Exhibit 2; https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/.

30.     When customers install the Accused Product onto a mobile device as instructed by simPRO, the mobile device with the Accused Product includes a processing module (e.g., the processor of the mobile device) (https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/) for associating the assignment, the user identity, location information and the time and date to the digital image file (e.g., collecting the field information from the user and linking the captured photos, real time location date and a time spent on the field to complete assignments). *See* Exhibit 2; https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/.

31.     When customers install the Accused Product onto a mobile device as instructed by simPRO, the mobile device with the Accused Product includes an encryption module (e.g., encryption module for storing and protecting the collected field information data in the database) for encrypting the digital image file and associated information (e.g., data encryption) upon image capture. *See* Exhibit 2; https://www.simpro.co.uk/media/White-Paper-API-and-Data-Encryption-Storage.pdf.

32.     Upon information and belief, Defendant has tested the Accused Product on mobile devices and has thus infringed claim 1 of the '872 patent during at least testing of the Accused Product. *See, generally,* https://www.simPRO.com/features/mobile-app/. During testing, the Accused Product comprises a locational image verification device (e.g., a mobile device installed

with the Accused Device is capable of capturing a photo and enabled with location services) for verifying an assignment of a user (e.g., the user/field technician testing the Accused Product). *See id.*

33.     Upon information and belief, simPRO has tested the Accused Product on a mobile device such that the mobile device with the Accused Product includes a user verification module (e.g., the Accused Product on the mobile device) for verifying an identity of a user of the device (e.g., every login attempt from a user the mobile application asks for login credentials of a user for verifying an individual). *See* Exhibit 2; https://www.simpro.us/solutions/connect#get-started; https://login.simprosuite.com/;

https://play.google.com/store/apps/details?id=com.simpro.simpromobile&hl=en_IN; https://play.google.com/store/apps/details?id=com.simpro.simpromobile.

34.     Upon information and belief, SimPRO has tested the Accused Product on a mobile device such that the mobile device with the Accused Product includes a capture module (e.g., the camera on the mobile device) for capturing an image relating to the assignment and creating a digital image file (e.g., an image of the field using mobile device camera and sync the data with a connect application server); wherein the user verification module (e.g., the Accused Product on the mobile device) verifies the identity of the user (e.g. upon successful login attempt, the user can capture an image of the assignment) of the device at a time of the image capture. *See* Exhibit 2; https://www.youtube.com/watch?v=AQjrmxdntbo&list=PL4lUjShHEZD3TfPbLHQ04RjdEHm YZHnzh&index=11; https://www.simpro.us/solutions/connect#get-started.

35.     Upon information and belief, SimPRO has tested the Accused Product on a mobile device such that the mobile device with the Accused Product includes a locational information module (e.g., using the GPS signal to capture a real time location of the mobile device) for determining a location of the device when capturing the image (e.g., the Accused Product

associates the job time spent with the field data collected by the user).  *See* Exhibit 2; https://www.simpro.us/solutions/connect#get-started.

36.    Upon information and belief, SimPRO has tested the Accused Product on a mobile device such that the mobile device with the Accused Product includes a date and time module (e.g., the date and time module of the mobile device enabled with the Accused Product) for determining a date and time of the image capture (e.g., the Accused Product associates the job time spent with the field data collected by the user).  *See* Exhibit 2; https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/.

37.    Upon information and belief, SimPRO has tested the Accused Product on a mobile device such that the mobile device with the Accused Product includes a processing module (e.g., the processor of the mobile device) (https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/) for associating the assignment, the user identity, location information and the time and date to the digital image file (e.g., collecting the field information from the user and linking the captured photos, real time location date and a time spent on the field).  *See* Exhibit 2; https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/.

38.    Upon information and belief, SimPRO has tested the Accused Product on a mobile device such that the mobile device with the Accused Product includes an encryption module (e.g., encryption module for storing and protecting the collected field information data in the database) for encrypting the digital image file and associated information (e.g., data encryption) upon image capture.  *See* Exhibit 2; https://www.simpro.co.uk/media/White-Paper-API-and-Data-Encryption-Storage.pdf.

39.    Additionally, the Accused Product when used on the mobile device infringes claim 27.  The Accused Product allows for a method for verifying an assignment of a user.  *See* Exhibit

2;                                                                    https://login.simprosuite.com/;

https://play.google.com/store/apps/details?id=com.simpro.simpromobile.

40.    When used by simPRO's customers, as instructed by simPRO, and, upon information and belief, used during testing of the Accused Product by simPRO, the Accused Product on the mobile device performs the step of verifying a user of the device to enable use of the                         device.                              *See*                Exhibit                      2;

https://play.google.com/store/apps/details?id=com.simpro.simpromobile;

https://login.simprosuite.com/.

41.    When used by simPRO's customers, as instructed by simPRO, and, upon information and belief, used during testing of the Accused Product by simPRO, the Accused Product on the mobile device performs the step of receiving assignment information for the user upon verification.   *See* Exhibit 2;  https://www.simpro.us/solutions/connect#get-started;

https://play.google.com/store/apps/details?id=com.simpro.simpromobile&hl=en_IN.

42.    When used by simPRO's customers, as instructed by simPRO, and, upon information and belief, used during testing of the Accused Product by simPRO, the Accused Product on the mobile device peforms the step of capturing an image with an imaging device relating   to   the   assignment   and   creating   a   digital   image   file.   *See*   Exhibit   2;

https://www.youtube.com/watch?v=AQjrmxdntbo&list=PL4lUjShHEZD3TfPbLHQ04RjdEHm YZHnzh&index=11.

43.    When used by simPRO's customers, as instructed by simPRO, and, upon information and belief, used during testing of the Accused Product by simPRO, the Accused Product on the mobile device peforms the step of determining an identity of the user at a time of the   image   capture.   *See*   Exhibit   2;   https://www.simpro.us/solutions/connect#get-started;

https://www.youtube.com/watch?v=AQjrmxdntbo&list=PL4lUjShHEZD3TfPbLHQ04RjdEHm
YZHnzh&index=11.

44.     When used by simPRO's customers, as instructed by simPRO, and, upon
information and belief, used during testing of the Accused Product by simPRO, the Accused
Product on the mobile device peforms the step of determining a location of the device upon image
capture.  *See* Exhibit 2; https://www.simpro.us/solutions/connect#get-started.

45.     When used by simPRO's customers, as instructed by simPRO, and, upon
information and belief, used during testing of the Accused Product by simPRO, the Accused
Product on the mobile device peforms the step of determining a date and time of the image capture.
*See* Exhibit 2; https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/.

46.     When used by simPRO's customers, as instructed by simPRO, and, upon
information and belief, used during testing of the Accused Product by simPRO, the Accused
Product on the mobile device peforms the step of associating the assignment information, the user
identity, location information and the date and time to the digital image file.  *See* Exhibit 2;
https://www.softwareadvice.com/ie/field-service/simpro-enterprise-profile/.

47.     When used by simPRO's customers, as instructed by simPRO, and, upon
information and belief, used during testing of the Accused Product by simPRO, the Accused
Product on the mobile device peforms the step of encrypting the associated information and digital
image file upon image capture.  *See* Exhibit 2; https://www.simpro.co.uk/media/White-Paper-API-
and-Data-Encryption-Storage.pdf.

48.     As shown in paragraphs 25-47 above, the Accused Product as installed on a mobile
device contains all of the elements of at least claims 1 and 27 of the '872 patent. Defendant's
Accused Product is enabled by invention described and claimed in the '872 patent.

## COUNT I

## (DIRECT INFRINGEMENT OF THE '872 PATENT BY SIMPRO)

49.     Each of the preceding paragraphs 1 through 48 are realleged and incorporated as if fully set forth.

50.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '872 patent.

51.     Defendant has had knowledge of infringement of the '872 patent, or will have knowledge of infringement of the '872 patent upon the service of this Complaint.  Defendant's infringement of the '872 patent will thus be knowing and intentional at least upon the service of this Complaint.

52.     Defendant has directly infringed and continues to directly infringe at least claims 1 and 27 of the '872 patent by making, using, offering to sell, selling, and/or importing the Accused Product with a mobile device without authority in the United States.  Defendant does not have a license or authorization to use any product covered by the claims of the '872 patent.

53.     As a direct and proximate result of Defendant's direct infringement of the '872 patent, Plaintiff has been and continues to be damaged.

54.     By engaging in the conduct described herein, Defendant has injured Rothschild and is thus liable for direct infringement of the '872 patent, pursuant to 35 U.S.C. § 271(a).

55.     As a result of Defendant's infringement of the '872 patent, Rothschild has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

56.     If infringement of the '872 patent by SimPRO is not enjoined, Rothschild will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## COUNT II

## (INDIRECT INFRINGEMENT OF THE '872 PATENT BY SIMPRO)

57.     Each of the preceding paragraphs 1 through 56 are realleged and incorporated as if fully set forth.

58.     In violation of, at least, 35 U.S.C. §§ 271, Defendant is now, and has been indirectly infringing the '872 patent.

59.     Defendant has indirectly infringed and continues to indirectly infringe at least claims 1 and 27 of the '872 patent by actively inducing and/or contributing to its respective customers, users, and/or licensees to directly infringe by using the Accused Product in a manner that infringes the '872 patent.  Defendant engaged or will have engaged in such inducement and/or contributory infringement having knowledge of the '872 patent.  Defendant also knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others.  For example, Defendant sells, offers to sell and advertises the Accused Product through websites or digital distribution platforms that are available in the State of Colorado, specifically intending that its customers use it on mobile devices.

60.     Furthermore, Defendant's customers' use of the Accused Product is facilitated by the use of the device and method described and claimed in the '872 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '872 patent, Plaintiff has been and continues to be damaged.

61.     Neither Defendant nor its customers, licensees, and users have license or authorization to the '872 patent.

62.     As a result of Defendant's indirect infringement and its customers' direct infringement of the '872 patent, Rothschild has suffered monetary damages and is entitled to a

monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

63.     If Defendant's direct infringement and its customers' direct infringement of the '872 patent is not enjoined, Rothschild will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

64.     Rothschild demands a trial by jury of all causes of action that are so triable.

## REQUEST FOR RELIEF

WHEREFORE, Rothschild respectfully requests that this Court grant the following relief:

1.     That Defendant be adjudged to have infringed the '872 patent directly, literally and/or under the doctrine of equivalents;

2.     An order permanently enjoining simPRO, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product, any component of the Accused Product that constitutes a material part of the claimed invention, or any product that infringes the '872 patent until after the expiration date of the '872 patent, including any extensions and/or additional periods of exclusivity to which Rothschild is, or becomes, entitled;

3.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Rothschild for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. §284;

5. That Defendant's infringement after service of this Complaint is intentional and knowing infringement and the assessment of three times the damages found for infringement after service of this Complaint, in accordance with 35 U.S.C. §284;

6. That Defendant be directed to pay enhanced damages, including Rothschild's attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

7. Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.


Dated May 8, 2019.


OF COUNSEL:

David A. Chavous, Esq.
CHAVOUS INTELLECTUAL
PROPERTY LAW LLC
793 Turnpike Street, Unit 1
North Andover, MA 01845
Phone: (978) 655-4309
Fax: (978) 945-0549
dchavous@chavousiplaw.com

/s/ *Jay Johnson*_____
JAY JOHNSON
State Bar No. 24067322
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**EXHIBIT 1**

**EXHIBIT 2**